JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
MISTY L. DANTE
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Misty.Dante@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:21-CR-031-MMD-CLB |
| Plaintiff, | **Stipulation for Entry of Order of Forfeiture as to Ridley's Family Markets, Inc., and Order** |
| v. | |
| JAMES RAYMOND ELLIS, aka "Jimbo," | |
| Defendant. | |

The United States of America and Ridley's Family Markets, Inc. agree as follows:

1. The Grand Jury sitting in Reno, Nevada returned a Three-Count Criminal Indictment against James Raymond Ellis, aka "Jimbo," for violations of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1). Criminal Indictment, ECF No. 12.

2. James Raymond Ellis, aka "Jimbo," pled guilty to Count Two of a Three-Count Criminal Indictment charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and agreed to the forfeiture of property set forth in the Amended Memorandum in Support of Plea and the Forfeiture Allegations of the Criminal Indictment. Criminal Indictment, ECF No. 12; Amended Memorandum, ECF No. 37; Change of Plea, ECF No. 41.

3. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to the civil judicial forfeiture or the criminal forfeiture of the following property: a Smith and Wesson model M&P Shield 9mm pistol bearing serial number JME5593 (property).

4. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to forfeit the property to the United States.

5. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

6. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to waive its right to any civil judicial forfeiture proceedings and any criminal forfeiture proceedings of the property (proceedings) of the property.

7. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action and any proceedings concerning the forfeiture of the property arising from the facts and circumstances of this case.

8. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to waive any further notice to it, its agents, or its attorneys regarding the forfeiture and disposition of the property.

9. Ridley's Family Markets, Inc., knowingly and voluntarily agrees not to file any claim, answer, petition, and other documents in any proceedings concerning the property; agrees not to contest, and agrees not to assist any other person and entity to contest, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, and other documents in any proceedings.

10. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited

/ / /

to, double jeopardy and due process under the Fifth Amendment to the United States Constitution.

11. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to waive its right to a hearing on the forfeiture of the property.

12. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution.

13. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to waive all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, excessive fines clause and cruel and unusual punishments clause under the Eighth Amendment to the United States Constitution.

14. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

15. Ridley's Family Markets, Inc., understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

16. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Ridley's Family Markets, Inc., and Order (Stipulation).

17. Ridley's Family Markets, Inc., knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, the Federal Bureau of Investigation, their agencies, their agents, and their employees from any claim made by it or any third party arising from the facts and circumstances of this case.

///

18. Ridley's Family Markets, Inc., knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, the Federal Bureau of Investigation, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Ridley's Family Markets, Inc., now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

19. Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

20. This Stipulation contains the entire agreement between the parties.

21. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

22. After the property is forfeited in the criminal case, the Final Order of Forfeiture is entered, and the United States District Court has signed this Stipulation concerning the property, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees to transfer the firearm to Ridley's Family Markets, Inc.

23. The persons signing this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of this Stipulation.

24. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Northern Division of the United States District Court for the District of Nevada, located in Reno, Nevada.

25. Each party shall bear its own attorneys' fees, expenses, interest, and costs.

26. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, under 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: __April 2, 2023__

*(signature)*
DONALD MARK RIDLEY
President of Ridley's Family Markets, Inc.

DATED: April 4, 2023

JASON M. FRIERSON
United States Attorney

*(signature)*
MISTY L. DANTE
Assistant United States Attorney

IT IS SO ORDERED:

*(signature)*

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE
DATED: April 4, 2023